IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40173
Summary Calendar

_____


BOYCE LEE GOWAN, II,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; KENNY, Officer;
MATA, Sergeant; MOORE, Lieutenant,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-96-CV-622
- - - - - - - - - -
August 20, 1998

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

     Boyce Lee Gowan, II, Texas prisoner # 508559, appeals the

district court's <u>sua sponte</u> dismissal of his 42 U.S.C. § 1983

complaint as frivolous.  Gowan contends that the defendants

violated his right to practice his religion when they ordered him

to clean his living area even though it was a high holy day.

     A 42 U.S.C. § 1915(e)(2) dismissal is reviewed for abuse of

discretion.  <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1997).  Restrictions on the practice of religious beliefs must be "reasonably related to legitimate penological interests." Muhammad v. Lynaugh, 966 F.2d 901, 902 (5th Cir. 1992) (footnote omitted).  The following factors are relevant in determining whether a prison regulation infringes on an inmate's constitutional rights: "(1) is there a valid, rational correlation between the prison regulation and the legitimate governmental interest advanced; (2) are there alternative means of exercising the rights that remain available to the inmates; and (3) what is the impact of an accommodation in favor of the inmate on prison staff, other inmates, and the allocation of prison resources generally."  Muhammad, 966 F.2d at 902 (quoting Turner v. Safley, 482 U.S. 78, 89-90 (1987)).

The magistrate judge determined that Gowan was responsible for the mess in his cell, but Gowan steadfastly maintained that Officer Kenny made the mess.  Although Gowan's summary of the grievances suggest that Officer Kenny acted pursuant to "AD 3.72," neither the grievances nor a copy of "AD 3.72" are in the record, and Gowan denies that he was not in compliance and that Officer Kenny was acting pursuant to "AD 3.72."  We are persuaded that at this stage of the proceedings, the record is inadequate to determine why Officer Kenny entered Gowan's area when she did, whether Officer Kenny was acting pursuant to a prison regulation, and whether an accommodation could have been made.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  After additional factual development, dismissal may be appropriate but at this time it is premature.  Accordingly, we VACATE the district court's judgment dismissing the suit as frivolous and REMAND the case for further proceedings.

VACATED AND REMANDED.